**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Christine Liedtke** | ) | **CASE NO.  1:05-cv-2990** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **John Frank,** | ) | **Memorandum of Opinion and Order** |
| **Javitch, Block and Rathbone, and** | ) | |
| **Equifax Information Services** | ) | |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

There are two motions presently before the Court.  The first is the Motion of John Frank and Javitch, Block & Rathbone LLP to Compel Arbitration.  (Doc. 43, 59).  Defendant Equifax Information Services LLC has not joined in this motion.  Plaintiff Christine Liedtke has filed a Motion for Leave of Court to File a Motion for Summary Judgment.  (Doc. 56).  For the reasons that follow, the motion of Frank and Javitch, Block & Rathbone LLP is GRANTED and plaintiff's motion is DENIED.

1

**BACKGROUND**

Plaintiff Christine Liedtke received a General Motors MasterCard via an internet application in May of 2001. She used that credit card for a number of transactions. In one such transaction she entered her credit card number to receive a "free" credit report via the internet website Consumerinfo.com. It turned out that when plaintiff failed to cancel a subscription to a credit monitoring service she was assessed with approximately $100 in fees. She disputed the charges but eventually reached an impasse with the credit card company, Household Bank (S.B.), N.A ("Household"). Household then hired the Javitch firm to assist it in recovering payment. The Javitch firm ran an inquiry of plaintiff's credit report for the stated purpose of "collection" and Frank, an attorney for the Javitch firm, sent a letter to plaintiff. Plaintiff has since requested that Frank and Javitch either file suit against her on the debt—which with late fees and other penalties is now at nearly $800—or rescind the collection inquiry from her credit report. They have done neither.

Plaintiff eventually filed suit against Frank, the Javitch firm, Equifax Information Services and Household. She brought counts of "Disputed Debt," "Standing to Collect a Debt," "Disputed Interest," "Disputed Amount," "No Damages Cognizable at Law," "Interference with a Contractual Relation," "Breach of Contract," "Failure to Exercise Ordinary Care," "Intentional Delay/Laches," "Action on an Account," "Unjust Enrichment," "Damage to Credit/Invasion of Privacy," and "Invasion of Privacy by Defendant Equifax."

Household filed a motion to stay pending arbitration based on a broad arbitration clause in the cardholder agreement between plaintiff and Household. The Court granted that motion. Frank and Javitch filed a motion to dismiss, or in the alternative, a motion for summary

judgment. The Court granted that motion with the exception of a single claim under the under the Fair Credit Reporting Act ("FCRA"). The Court held as follows:

> Although somewhat inartful, Plaintiff's Complaint cites to the FCRA. (¶16). She thereafter alleges the collection inquiry was made, but that no attempt at collection was in fact ever made. (¶¶ 17-19). She alleges that this was an intentional attempt not to conduct legitimate collection activities but to ruin her credit and collect a fraudulent debt. (*Id.*). As a graduate student in need of student loans, she is in particular need of credit. (¶19).
>
> Federal law limits the ability of a party to search an individual's credit report. 15 U.S.C. § 1681 *et seq.* The searching party must have a "permissible purpose" for doing so. 15 U.S.C. § 1681b. One such permissible purpose is collection. 15 U.S.C. § 1681b(a)(F). Here, Plaintiff contends that there never was an intention to collect. When a party willfully or negligently accesses a credit report without a permissible purpose or does so under false pretenses, the aggrieved individual may seek damages. 15 U.S.C. §§ 1681n, 1681o, 1681q. Accordingly, Plaintiff has stated a claim under the FCRA.

(Doc. 40).

Frank and the Javitch firm then filed their motion for a stay pending arbitration, or in the alternative, to compel arbitration. (Doc. 43). Equifax joined in the motion to stay but did not seek to compel arbitration. (Doc. 45). Plaintiff did not file an opposition but instead filed a motion to lift the stay (Doc. 48) with respect to defendant Household. During briefing, plaintiff moved to dismiss all of her claims against Household. This eventually resulted in dismissal of plaintiff's claims against Household with prejudice. (Doc. 61).

Following plaintiff's stipulation that she was willing to dismiss her claims against Household, Frank and the Javitch firm withdrew their motion to stay arbitration but not the motion to compel arbitration. Plaintiff then filed an opposition to the motion to compel arbitration. Plaintiff has also filed a motion for leave to file a summary judgment motion against Frank and the Javitch firm.

**DISCUSSION**

Plaintiff entered into a broad arbitration agreement with Household.  However, Household is no longer a part of this lawsuit and claims against it have been dismissed with prejudice.  At issue here is whether Frank and the Javitch firm can force plaintiff into arbitration even though they were not signatories to the arbitration agreement.

The Sixth Circuit has approved of the framework set out in *Thomson-CSF v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995).  *See Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 629 (6th Cir. 2003).  *Thomson* recognized that "the circuits have been willing to estop a *signatory* from avoiding arbitration with a nonsignatory when the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed."  *Thomson*, 64 F.3d at 779 (emphasis in original).  The Eleventh Circuit has summarized this estoppel theory as follows:

> Existing case law demonstrates that equitable estoppel allows a nonsignatory to compel arbitration in two different circumstances.  First, equitable estoppel applies when the signatory to a written agreement containing an arbitration clause "must rely on the terms of the written agreement in asserting [its] claims" against the nonsignatory. When each of a signatory's claims against a nonsignatory "makes reference to" or "presumes the existence of" the written agreement, the signatory's claims "arise[] out of and relate[] directly to the [written] agreement," and arbitration is appropriate. Second, "application of equitable estoppel is warranted ... when the signatory [to the contract containing the arbitration clause] raises allegations of ... substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract."

*MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999) (internal citations omitted); *accord JLM Indus., Inc. v. Stolt-Nielsen, SA*, 387 F.3d 163, 177 (2d Cir. 2004); *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 527-28 (5th Cir. 2000); *Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.*, 10 F.3d 753, 757 (11th Cir. 1993); *Orcutt v. Kettering*

*Radiologists, Inc.*, 199 F. Supp. 2d 746, 752 (S.D. Ohio 2002).

It is clear from plaintiff's Complaint that the claims against Frank and the Javitch firm are integrally related to the contract containing the arbitration clause.  Plaintiff alleges that the collection letter was "related to an alleged claim of [Household]" that "allegedly arose from" the credit card billings.  (¶ 2).  Household "turned the matter over to the [Javitch firm which] turned the unauthorized credit charge matter over to Defendant Frank."  (¶ 10).

Plaintiff's Complaint also alleges interdependent and concerted misconduct between Household, Frank and the Javitch firm:

- "Once Plaintiff's credit was ruined, they sat back and waited for over six months for the alleged interest to build up, and for the Plaintiff to come in and simply pay whatever the bill was, just to get her good credit back to get student loans again to continue graduate school."  (¶17).

- "Defendant Household Bank hired a law firm which was allegedly in the present process of 'collection', if you believe the statement of [the Javitch firm].  The manner and form of collect [sic] was to use Defendant Equifax (formerly Retail Credit Corporation) to ruin the credit of Plaintiff for an unauthorized charge and then see how long the person (Plaintiff herein) can hold out without credit."  (¶ 18).

- "And then they waited, Defendant Frank and Defendant Javitch Block and Rathbone and Defendant Household Bank.  If the Plaintiff wanted graduate school, Plaintiff must have further student loans.  Further student loans meant Plaintiff would have to pay Defendants off, or they would leave her credit ruined, according to Credit company listings**, for two years, by the law firm inquiry** and, unbelievably, **for seven years from the Household Bank inquiry,** according to Credit company statements, and the credit scoring is not given out."  (¶ 19) (emphasis in original).

- "Equifax takes the report of the inquiring firm, be it Household Bank or Javitch Block and Rathbone and puts it up on a person's credit, without inquiry."  (¶ 20).

Plaintiff responds that the remaining claim against Frank and the Javitch firm under the Fair Credit Reporting Act is a purely legal issue unrelated to Household.  However, this contention is belied by the supporting allegations quoted above.  Plaintiff's dismissal of

5

Household does not change the fact that the conduct of Frank and the Javitch firm relates to a debt that arose from the Household cardholder agreement and that the collection by "credit strangulation" is alleged to have been a joint enterprise with Household.  Accordingly, the Court will compel plaintiff to arbitrate her claims against Frank and the Javitch firm.

Defendant Equifax has not moved to compel arbitration.  All of plaintiff's claims against Equifax relate to its listing of the damaging credit inquiries from Household and the Javitch firm.  Household has now been dismissed and the propriety of the Javitch firm's inquiry will be resolved in arbitration.  The Court will therefore stay all claims against Equifax pending the conclusion of arbitration against Frank and the Javitch firm.  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983) (explaining that courts have discretion to stay claims against nonarbitrating parties).

**CONCLUSION**

For the foregoing reasons, the Motion of Frank and the Javitch firm to Compel Arbitration is GRANTED.  The remaining claims against Equifax will be stayed until the conclusion of arbitration.  Plaintiff's Motion for Leave to File a Motion for Summary Judgment is DENIED as MOOT.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated:  6/19/06